**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010[*]
Decided August 25, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-3655

| | |
|---|---|
| CATHERINE A. MCLACHLAN | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 03 C 2297 |
| MICHAEL J. ASTRUE | |
| Commissioner of Social Security, | Martin C. Ashman, |
| *Defendant-Appellee.* | *Magistrate Judge.* |

**O R D E R**

Catherine McLachlan applied for supplemental security income benefits under Title XVI of the Social Security Act, *see* 42 U.S.C. §§ 1381a, 1382c, claiming that she could not work because of pain in her left arm and shoulder. The Social Security Administration denied her application initially and upon reconsideration, and an administrative law judge

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(A).

concluded, after a hearing at which both McLachlan and her attorney appeared, that McLachlan was not disabled.  With counsel, she sought judicial review and consented to proceed before a magistrate judge who, in a lengthy and thorough decision, granted summary judgment for the Commissioner.

McLachlan is proceeding pro se on appeal and asserts, without any elaboration, that the ALJ's decision was not supported by the weight of the evidence.  Her brief consists largely of excerpts of an ALJ's decision in another matter and a pleading from a different social security case.  The brief does not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error.  Consequently, the appeal warrants dismissal under FED. R. APP. P. 28(a)(9)(A).  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (even pro se litigants must comply with Rule 28(a)(9)).

DISMISSED.